IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOTUN AIYEGBUSI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARLENE KNIGHT d/b/a | : | NO. 07-2766 |
| CROSSING ENTERTAINMENT, INC. | : | |

O'NEILL, J.                                                                                    FEBRUARY 7, 2008

MEMORANDUM

On July 3, 2007 plaintiff Dotun Aiyegbusi filed a complaint against defendant Arlene Knight doing business as Crossing Entertainment, Inc. and six other defendants alleging breach of contract, fraud, conversion, breach of fiduciary duty, conspiracy to defraud, violations of federal and state securities laws, and unjust enrichment. Subsequently plaintiff filed notices of voluntary dismissal pertaining to all defendants other than Knight. On October 22, 2007 plaintiff's request for default judgment against defendant Knight was granted for failure to answer or move with respect to the complaint filed in this action. On November 16, 2007, after an assessment of damages hearing, judgment was entered in favor of plaintiff and against defendant in the amount of $157,625.01, consisting of $150,000.00 plus interest at the rate of 3.72% from July 31, 2006 to November 16, 2007 in the amount of $7221.45 plus costs of $403.56. It was further ordered that upon plaintiff's presentation of evidence to the Court that Crossing Entertainment has sold the firm project entitled "America's Most Blunted" after conducting necessary discovery, judgment will be modified to add the sum of $100,000.00 plus interest in favor of plaintiff and against defendant.

Before me now is defendant Knight's motion to open or vacate the default judgment

1

pursuant to Federal Rule of Civil Procedure 60(b) and plaintiff's response.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides six bases for relief from judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). A Rule 60(b) motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Id. "[T]he language of Rule 60(b) 'permits a less stringent, more flexible standard' for relief from a final judgment and allows a court to decide when 'it is no longer equitable that the judgment have prospective application.'" Bldg. & Constr. Trades Council of Phila. & Vicinity, AFL-CIO v. NLRB, 64 F.3d 880, 886 (3d Cir. 1995), citing Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 380 (1992).

The Court of Appeals has set out three factors that courts must consider in deciding whether to set aside a default judgment: (1) whether plaintiff will be prejudiced if the default judgment is set aside; (2) whether defendant has a meritorious defense; and (3) whether the default was the product of defendant's culpable conduct. Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). The Court of Appeals requires "doubtful cases to be resolved in

favor of the party moving to set aside the default judgment . . . so that the cases may be decided on their merits." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984), quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951) (quotation marks omitted); see Harad, 839 F.2d at 982 (articulating a policy of "disfavoring default judgments and encouraging decisions on the merits").

I.     Prejudice to Plaintiff

The first factor is I must evaluate is prejudice to plaintiff.  To establish prejudice, the evidence must show that the non-defaulting party's ability to pursue the claim would be hindered if the default judgment is opened.  See Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983).  Circumstances such as loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment support a finding of prejudice.  Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982), cited in Gross, 700 F.2d at 123. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceedings." Feliciano, 691 F.2d at 656-57.

I find no evidence to show that plaintiff's ability to pursue his claims would be hindered if the default judgment is opened.  Indeed plaintiff has not argued that he would be prejudiced.

II.    Meritorious Defense

The second factor I must evaluate is whether defendant has a meritorious defense.  A meritorious defense is one that "if established on trial, would constitute a complete defense to the action." $55,518.05 in U.S. Currency, 728 F.2d at 195.  Defendants do not "have the right to have a default judgment set aside automatically upon alleging a defense; rather defendants must

3

"set forth with some specificity the grounds for his defense." Harad, 839 F.2d at 982. The alleged facts "must go beyond a general denial so that the court has some basis for determining whether the defendant can make out a complete defense." Rosen v. Omega Builders, Ltd., 940 F. Supp. 115, 119 (E.D. Pa. 1996), citing $55,518.05 in U.S. Currency, 728 F.2d at 195. Courts must look at the substance of the defense to determine whether it is meritorious, though the legal issue need not be decided at this stage. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Defendant's Rule 60(b) motion alleges three bases for dismissal of plaintiff's complaint: improper venue; defective service of process; and failure to state a claim upon which relief may be granted. I briefly will discuss these defenses below. Though I do not decide these legal issues at this stage, I find that each of these defenses are set forth with sufficient specificity and if established at trial would constitute complete defenses to the action.

A.     Improper Venue

Defendant first points to a forum selection clause contained in the March 21, 2006 agreement between the parties as the basis of a meritorious defense. Although the parties' agreement as to the most proper forum should not receive dispositive weight, it is entitled to substantial consideration. Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995). When the forum selection clause is valid, which requires that there have been no "fraud, influence, or overweening bargaining power," plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum. Id.

I do not decide now the issue of whether this case should be dismissed on the basis of improper venue. I conclude only that defendant has set forth with some specificity the grounds

for her defense of improper venue. The forum selection clause contained in the March 21 agreement states:

> This letter agreement shall be governed by the laws of the State of New York. Any dispute arising under this letter agreement shall be submitted exclusively to the jurisdiction of the state courts of the State of New York or the Federal District Courts located in the State of New York.

Though plaintiff presently questions the validity of the forum selection clause, arguing that the agreement was fraudulent, I nevertheless conclude improper venue serves as a meritorious defense and thus supports vacating the default judgment in this case.

B.      Defective Service of Process

Defendant argues that defective service of process provides her with a second meritorious defense. In federal court original process may be served under either the law of the state in which the district court sits or under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(e)(1). The Federal Rules of Civil Procedure do not provide for service of original process by mail, including certified mail, except where a waiver has been obtained. See Fed. R. Civ. P. 4(e). Pennsylvania Rule of Civil Procedure 404 provides for service outside the Commonwealth: "Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof . . . (2) by mail in the manner provided by Rule 403 . . . ." Pa. R. Civ. P. 404. Pennsylvania Rule of Civil Procedure 403 states: "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa. R. Civ. P. 403. Pursuant to Pennsylvania Rule of Civil Procedure 402(a)(1)(iii),

"Original process may be served . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402(a)(1)(iii).

Defendant alleges that plaintiff attempted to serve her via certified mail to the office address of her former co-defendant Charles Austin, the address presented to him as defendant's business address. Though plaintiff submitted an affidavit of service by certified mail on August 29, 2007 and attached as an exhibit thereto a receipt signed on July 13, neither the affidavit nor the illegible signature on the receipt indicates who accepted service of defendant's behalf. In other words, it is unclear at this time whether service was effective under the Pennsylvania Rules of Civil Procedure. Though I cannot definitively conclude that service was ineffective, I find that the unresolved questions regarding the effectiveness of service of process supports a decision to vacate the default judgment in this case.

C.     Failure to State a Claim

Defendant also argues that she has a meritorious defense based on plaintiff's failure to state a claim upon which relief can be granted with respect to each count of plaintiff's complaint. In his complaint, plaintiff alleges against defendant claims of breach of contract, fraud, conversion, breach of fiduciary duty, conspiracy to defraud, violations of federal and state securities laws, and unjust enrichment.

Though I reach no definitive conclusions on the merits at the time, I find that defendant's arguments with respect to each of the counts in plaintiff's complaint provides defendant with a meritorious defense. With respect to the breach of contract claim, defendant presently argues that the amount owed to plaintiff under the contract has been paid under the terms of the "Joint Tortfeasor Release" between plaintiff and defendant's former co-defendants in this case. With

6

respect to the conversion and unjust enrichment claims, defendant presently argues that she never received, controlled or interfered with the funds at issue and that plaintiff fails to allege otherwise.  With respect to the fraud claim, defendant argues that she never made any specific misrepresentation to plaintiff and that plaintiff fails to identify in his complaint how, when or where any misrepresentation was made or how he was induced.  With respect to the conspiracy to defraud claim, defendant argues that there is no underlying act to form the basis of a conspiracy claim.  With respect to the securities law claims, defendant argues that the promissory note at issue does not constitute a "security" under federal or state law.

In short, defendant has set forth with some specificity grounds that, if established on trial, would constitute a complete defense to each claim in plaintiff's complaint.  This further supports a decision to vacate the default judgment in this case.

III.     Defendant's Culpability

The third factor I must evaluate is whether defendant was culpable for failing to answer plaintiff's complaint in a timely fashion.  "In this context culpable conduct means actions taken willfully or in bad faith."  Gross, 700 F.2d at 123-24.  "For the defendant's culpability, 'more than mere negligence [must] be demonstrated.'"  Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. Appx. 519, 523 (3d Cir. 2006), quoting Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984).  "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard."  Hritz, 732 F.2d at 1183.

Defendant does not allege that she was unaware of the proceedings in this case but asserts that she relied on her counsel's advice that plaintiff's ineffective service relieved her of an obligation to respond.  Defendant relied on this advice despite knowing that counsel was not

7

admitted to practice in Pennsylvania and was a co-defendant in this case. Defendant additionally argues that she was not able to retain other counsel for purposes of this action as a result of physical distance – as she is a California resident – and financial constraints and therefore was not able to file an answer to plaintiff's complaint in the four-and-a-half months between the filing of plaintiff's complaint and the entry of default judgment against her. I find this latter argument difficult to reconcile with defendant's pro se filing of her Rule 60(b) motion within two weeks of the entry of default judgment.

Though defendant's conduct was negligent and borders on reckless disregard, I conclude that defendant's actions were not so culpable as to prohibit the vacating of default judgment under the circumstances of this case. The lack of prejudice against plaintiff, defendant's meritorious defenses, and the open factual questions – considered in light of the well-established principle that any doubt should be resolved in favor of setting aside default judgments so that cases may be decided on their merits – support a decision to vacate default judgment in this case.[1]

An appropriate Order follows.

---

[1] I also find significant plaintiff's failure to disclose the existence and terms of the September 21, 2007 "Joint Tortfeasor Release" entered into by plaintiff and defendant's original co-defendants. Though plaintiff appeared before me on November 14, 2007 for an assessment of damages hearing, at no time did plaintiff or plaintiff's counsel mention the fact that plaintiff had settled with the six voluntarily dismissed defendants for $150,000.00, the precise amount due to plaintiff under the terms of the March 16, 2006 contract giving rise to this action. Plaintiff's contention that this Release pertained exclusively to his tort claims and thus has no impact on his breach of contract claim is dubious at best and deceitful at worst.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOTUN AIYEGBUSI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ARLENE KNIGHT d/b/a | : | NO. 07-2766 |
| CROSSING ENTERTAINMENT, INC. | : | |

## **ORDER**

AND NOW, this 7th day of February 2008, upon consideration of defendant's motion to open or vacate the entry of default judgment pursuant to Federal Rule of Civil Procedure 60(b) and plaintiff's response, and for the reasons set forth in the accompanying memorandum, it is ORDERED that defendant's motion is GRANTED. The judgment by default against defendant entered on November 16, 2007 is VACATED.

Defendant shall file an answer to plaintiff's complaint within twenty (20) days of date.


                                                s/Thomas N. O'Neill, Jr.
                                                THOMAS N. O'NEILL, JR., J.